# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-693 |
| | § | Judge Mazzant |
| TRENT and NIEVA TRUBENBACH, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are United States' Motion to Enforce Judgment and For Appointment of Allie Beth Allman as Receiver to Sell Remaining Real Estate (Dkt. #36) (the "United States' Motion") and Defendant's [sic] Motion to Stay Enforcement of Judgment and Appointment of Allie Beth Allman as Receiver (Dkt. #40) ("Defendants' Motion"). Having considered the Motions and the relevant pleadings, the Court finds that the United States' Motion should be **GRANTED** and the Defendants' Motion should be **DENIED as moot**.

## BACKGROUND

This is a tax liability case. On February 11, 2020, the Court entered an Agreed Final Judgment stating Defendants are indebted to the United States in the amount of $1,171,015 plus pre-judgment and post-judgment interest (Dkt. #34 at p. 1). On March 17, 2026, the United States filed the United States' Motion seeking to enforce the remaining liability on the judgment and appoint a receiver (Dkt. #36). The United States seeks an order requesting that Allie Beth Allman be appointed as receiver to take possession of and to arrange for the sale of the subject real property at 10665 Strittmatter Road in Pilot Point, Denton County, Texas (the "Real Property") more particularly described as 10665 Strittmatter Road, formerly known as 10660 Strittmatter Road,

Pilot Point, Denton County, Texas 76258, acquired by Trent Trubenbach, grantee, from Northstar Bank of Texas, grantor, by Special Warranty Deed dated July 27, 2012 and recorded on July 30, 2012, Document/Instrument Number 2012-82623, such property being more particularly described as follows:

> ALL THAT CERTAIN LOT, TRACT, OR PARCEL OF LAND SITUATED IN THE C. SMITH SURVEY, ABSTRACT NUMBER 1139, DENTON COUNTY, TEXAS, AND BEING PART OF A CALLED 11.386 ACRE TRACT DESCRIBED IN A DEED FROM ROBERT DONALD STEPHENS AND DONNA STEPHENS TO DIANNA MACDONALD AS RECORDED IN VOLUME 4527, PAGE 1771 OF THE REAL PROPERTY RECORDS OF DENTON COUNTY, TEXAS, AND BENG MORE PARTICULARLY DESCRIBED ON EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.

(Dkt. #36 at p. 8). The United States also provided an attached Exhibit A as referenced in the above paragraph (Dkt. #36 at p. 8). The United States also requests that the order require "Defendants Trent and Nieva Trubenbach (the "Trubenbachs"), their family members, tenants, associates, agents, employees, and all other persons acting in concert with them or any of them, or on their behalf, residing thereon, or occupying the Real Property, to vacate and depart from the Real Property within 30 days of the entry of an order granting" its motion (Dkt. #36 at p. 1). Defendants did not file a response. However, on April 7, 2026, Defendants filed Defendants' Motion seeking to stay enforcement of the judgment and appointment of the receiver (Dkt. #40). On April 9, 2026, the United States filed a Response to Defendants' Motion (Dkt. #43).

## LEGAL STANDARD

The United States is entitled to the appointment of a receiver to collect judgments that the Court has previously entered. *United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2021 WL

1740266, at *1 (N.D. Tex. Jan. 19, 2021), *report and recommendation adopted*, No. 7:16-CV-00126-O, 2021 WL 1740263 (N.D. Tex. Mar. 22, 2021) (citations omitted). Upon request by the United States, the Court may issue "orders appointing Receivers . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Pursuant to 26 U.S.C. § 7403(d), the Court may appoint a receiver to enforce the lien against property of a taxpayer. 26 U.S.C. § 7403(d); *United States v. Stanton*, No. SA-06-CA-0234-XR, 2008 WL 2120066, at *6 (W.D. Tex. May 20, 2008)."A receiver must be appointed where the United States produces prima facie evidence that a substantial tax liability exists and shows that liens were established for such liability." *Stanton*, 2008 WL 2120066, at *6 (citing *Florida v. United States*, 285 F.2d 596, 602 (8th Cir. 1960)).

## ANALYSIS

### I. Defendants' Motion to Stay

Defendants sought a stay for "the next 180 days" (Dkt. #40 at p. 4). Defendants filed Defendants' Motion on April 7, 2026 (Dkt. #40). It has been over 180 days since April 7, 2026. Therefore, Defendants' Motion is **DENIED as moot**.

### II. United States' Motion

Defendants did not file a response to the United States' Motion. To the extent Defendants' Motion serves as a Response, Defendants only argue for the 180 day stay (Dkt. #40). After a claim is reduced to judgment, "[a] receivership is a remedy for taking possession of a judgment debtor's property." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012) (citation omitted). The Agreed Final Judgment orders that the United States has valid federal tax liens on Defendants' interests in the Real Property (Dkt. #34 at p. 2). The Agreed Final Judgment orders that these tax liens secure

tax liability payments and are foreclosed (Dkt. #34 at p. 2). Finally, the Agreed Final Judgment states that the United States may sell the Real Property through a receiver (Dkt. #34 at p. 2). Without any argument to the contrary, the Court concludes the United States' Motion should be **GRANTED**.

## CONCLUSION

Accordingly, it is **ORDERED** that Defendant's [sic] Motion to Stay Enforcement of Judgment and Appointment of Allie Beth Allman as Receiver (Dkt. #40) is hereby **DENIED as moot.**

It is further **ORDERED** that the United States' Motion to Enforce Judgment and For Appointment of Allie Beth Allman as Receiver to Sell Remaining Real Estate (Dkt. #36) is hereby **GRANTED**.

Receiver Allie Beth Allman of Allie Beth Allman & Associates of Dallas, Texas is hereby appointed by the Court as "the Receiver" for the Real Property pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), is directed to take possession of the Real Property, including all buildings, improvements, fixtures, appurtenances, materials, and equipment thereon, on the 30th day after the date of entry of this Order, to preserve and protect the value of the Real Property, to put it into saleable condition, and to arrange for the sale of the Real Property.

The Receiver shall have the authority to arrange for the sale of the Real Property, subject to approval by this Court, in any manner approved by the United States. The terms of any purchase agreement shall include the balance of the purchase price paid in cash at closing, and may include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. The closing shall not occur until after the sale of the Real Property

has been approved by further order of this Court. At closing, the purchaser or purchasers shall receive a Receiver's Deed to the Real Property (and/or a bill of sale as to any personalty) executed by the Receiver. In the event a closing takes place prior to an order of this Court regarding the distribution of proceeds, the title company approved by the United States shall hold all of the proceeds of any sale of the Real Property, net of any closing costs, including any earnest money deposit, in an interest-bearing account, until this Court enters another order regarding the distribution of those proceeds.

The Receiver shall have all of the rights and powers necessary to fulfill her obligations under this Order, specifically including, but not necessarily limited to, she shall have the power to enter onto the Real Property, to change the fence locks and door locks, to manage the Real Property, to collect rents, if any, on the Real Property, to advertise the sale of the Real Property, and to take any action reasonably necessary to protect and preserve the value of the Real Property prior to sale, and to put the Real Property into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance and improvements, including, but not limited to, liability insurance, and to sell the Real Property.

The Receiver shall be compensated from the proceeds of the sale of the Real Property (a) in an amount equal to six (6%) percent of the gross sale proceeds from the sale of the Real Property; or if there is another realtor who facilitates the sale of the Real Property, then the Receiver and the purchaser's realtor shall each receive an amount equal to three (3%) percent of the gross sale proceeds from the sale of the Real Property; and (b) for the reasonable and necessary expenditures to protect and preserve the value of the Real Property that were first approved by the United States.

Defendants Trent and Nieva Trubenbach and their family members, tenants, associates, agents, employees, and all other persons acting in concert with them or any of them, or on their behalf, residing thereon, or occupying any building on the Real Property, and all other persons acting in concert with, or on their behalf, are immediately hereby restrained and enjoined from damaging, vandalizing, removing any personal property, fixture, or structure, and/or interfering in any way with the Real Property, mortgaging or causing liens to be filed against the Real Property, interfering with the Receiver, interfering with the Receiver's efforts to comply with her obligations under this Order, interfering in any way with the enforcement of this Order; and/or interfering with any prospective purchaser or his or her realtor or agent, and Defendant Trent and Nieva Trubenbach and their family members, tenants, associates, agents, employees, and all other persons acting in concert with them or any of them, or on their behalf, residing thereon, or occupying any building on the Real Property, are hereby enjoined and restrained from entering onto the Real Property on the 30th day after the entry of this Order, and permanently thereafter.

Defendants Trent and Nieva Trubenbach and their family members, tenants, associates, agents, employees, and all other persons acting in concert with, or on their behalf, or residing thereon, shall, no later than the 30th day after the entry of this Order, vacate and depart from the Real Property, they shall remove any of their personal property located upon the Real Property, or it will be considered abandoned and may be disposed of or sold by the Receiver, and they shall cooperate with the Receiver and with her marketing and the sale of the Real Property.

All persons or businesses occupying the Real Property in any manner, if any, will leave and vacate the Real Property permanently no later than thirty (30) days after the date of this Order, each taking his or her personal property (but leaving all improvements, buildings, structures, fixtures,

and appurtenances to the Real Property). If any person fails or refuses to vacate the Real Property by the date specified in this Order, the Receiver is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including, but not limited to, the use of reasonable force, to enter and remain on the premises of the Real Property, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises of the Real Property, any and all persons thereon who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order, including any supplemental or amended Order. If any person fails or refuses to remove his or her personal property from the Real Property by the time specified herein, the personal property remaining on the Real Property thereafter is deemed forfeited and abandoned, and the Receiver, the IRS and its employees, are authorized to remove it and to dispose of in any manner they see fit, including to sell such property, in which case the proceeds of the sale are to be applied to the federal tax liability of Defendants Trent and Nieva Trubenbach reduced to judgment herein.

When the United States Marshals Service concludes that Defendants Trent and Nieva Trubenbach, and their family members, tenants, associates, agents, employees, and all unauthorized persons have vacated, or been evicted from the Real Property, then he shall relinquish possession and custody of the Real Property, and any personal property found thereon, to the Receiver, to be sold and the net sales proceeds applied to Defendants Trent and Nieva Trubenbach's federal income tax debt reduced to judgment herein. Should the Trubenbachs

and/or their family members, tenants, associates, agents, employees, and all other persons acting in concert with, or on their behalf re-enter the Real Property after the Receiver has taken possession and control of the property, then the Marshals Service is authorized and directed to re-evict such persons and bring them before the Court to show cause as to why they should not be held in contempt of this Court.

Additionally, should the Trubenbachs and/or their family members, tenants, associates, agents, employees, and all other persons acting in concert with, or on their behalf, occupying the Real Property or residing thereon, either timely fail to vacate and depart from the Real Property or attempt to enter onto the Real Property, more than 30 days after the entry of this Order, or violate any provision of this Order, then that person or persons may be found in contempt of this Court.

Defendants Trent and Nieva Trubenbach are further enjoined from interfering in any way with the enforcement of this Order, and/or taking any action which makes it impossible for the Receiver to market or sell the Real Property or otherwise comply with this Order, and/or in any other way violating this Order.

No later than five (5) days after vacating the Real Property, the Trubenbachs shall provide to Receiver Allie Beth Allman, or her designated agent, all keys to all door locks and fence locks for doors and fences at the Real Property in their possession, or which they have access.

The United States shall provide notice of the entry of this Order to Defendants Trent and Nieva Trubenbach by email at trent.trubenbach@gmail.com, and mrstrubenbach@yahoo.com, by U.S. mail to them at PO Box 241, Pilot Point, Texas 76258-0241, and by posting a copy of this Order on an exterior door, fence, or fence post at the Real Property.

Should Defendants interfere in any way with the enforcement of this Order, or with the Receiver in her attempts to market and sell the Real Property, directly or indirectly, then he or she may be found in contempt of this Court.

**IT IS SO ORDERED.**

**SIGNED this 5th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE