# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-693 |
| | § | Judge Mazzant |
| TRENT and NIEVA TRUBENBACH, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER AND OPINION

Pending before the Court is Defendants' Emergency Joint Motion to Modify Docket No. 44 and for a 45-Day Financing Stay and Limited Mortgage Authorization (Dkt. #46). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This is a tax liability case. On February 11, 2020, the Court entered an Agreed Final Judgment (the "Judgment") stating Defendants are indebted to the United States in the amount of $1,171,015 plus pre-judgment and post-judgment interest (Dkt. #34 at p. 1). On March 17, 2026, the United States filed a motion seeking to enforce the remaining liability on the judgment and appoint a receiver (Dkt. #36). The United States sought an order requesting that Allie Beth Allman be appointed as receiver to take possession of and to arrange for the sale of the subject real property at 10665 Strittmatter Road in Pilot Point, Denton County, Texas (the "Property") (Dkt. #36). On April 7, 2026, Defendants filed a motion seeking to stay enforcement of the judgment for one hundred and eighty days (Dkt. #40). On November 5, 2026, the Court entered an order granting

the United States' motion and denying Defendants' motion as moot (the "Enforcement Order") (Dkt. #44).

On November 23, 2026, Defendants filed the Defendants' Emergency Joint Motion to Modify Docket No. 44 and for a 45-Day Financing Stay and Limited Mortgage Authorization (the "Motion") (Dkt. #46). On November 24, 2026, the United States filed a Response (Dkt. #47). The same day, Defendants filed a Reply (Dkt. #48).

## LEGAL STANDARD

The Federal Rules of Civil Procedure dictate that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." FED. R. CIV. P. 62(b). The Rule provides a couple exceptions and caveats to this general rule. First, "[t]he court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." FED. R. CIV. P. 62(e). Second, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." FED. R. CIV. P. 62(f).

"The Fifth Circuit recognizes '[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.' " *Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2023 WL 1971278, at *1 (E.D. Tex. Feb. 13, 2023) (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th

Cir. 1979)). So "absent a stay under Rule 62, a prevailing party may seek to enforce a judgment pursuant to Rule 69." *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014).

## ANALYSIS

Defendants seek a stay pending a decision on the Motion, a modification of the Order to "permit the single pay-off directed mortgage," and a forty-five day stay that begins "on the first calendar day after the later of (a) entry of the mortgage-authorization order and (b) post-entry transmission by the United States to Defendants and the settlement agent of written payoff and satisfaction/lien-release instructions for the proposed closing" (Dkt. #46 at p. 10). Defendants also request that the Court "suspend surrender, eviction, exclusion and sale activity during that period while preserving security and reasonable protective access" through a forty-five day stay (Dkt. #46 at p. 10).

First, the United States seemingly objects to Defendants' evidence, and Defendants seemingly object to the United States' evidence (Dkt. #47 at p. 7; Dkt. #48 at p. 4). The Court considered all objections to the parties' evidence and did not rely on inadmissible evidence when reaching its conclusions.

### I. Rule 60(b)

Defendants seek relief under Federal Rule of Civil Procedure 60(b)(5) (Dkt. #46 at p. 7). As relevant here, Rule 60(b)(5) allows for relief from judgment when "applying it prospectively is no longer equitable." FED. R. OF CIV. P. 60(b)(5). Rule 60(b)(5) applies only when a "judgment operates prospectively." *Cook v. Birmingham News*, 618 F.2d 1149, 1153 (5th Cir. 1980). "A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *In re Moody*, 849 F.2d 902, 906 (5th Cir. 1988) (citation omitted). The Fifth Circuit is clear that "Rule 60(b)(5) does not provide relief when it is no longer convenient to

live with the terms of a [judgment]. . . . Rather, it provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest." *SEC v. Novinger*, 40 F.4th 297, 307–08 (5th Cir. 2022) (citation modified). Defendants "bear the burden of establishing that changed circumstances warrant relief." *Id.* (citation omitted).

Defendants assert that the ability to obtain financing warrants a temporary forty-five day stay (Dkt. #46 at p. 7). Defendants do not assert that financing was previously unavailable, so there is no significant change in factual conditions to bar enforcement of the Judgment. For these reasons, the Court denies this requested Rule 60(b)(5) relief.

However, the United States does not contest the modification of the Order to allow Defendants to mortgage the Property (Dkt. #47 at p. 9). Defendants clarify in their Reply that the Enforcement Order's mortgage restraint is preventing them from mortgaging the Property (Dkt. #48 at p. 1). Neither party identifies the language in the Enforcement Order they seek to modify. The Court assumes the parties refer to the mortgaging restriction in the Enforcement Order, which states that Defendants "are immediately hereby restrained and enjoined from . . . mortgaging or causing liens to be filed against the Real Property . . . ." (Dkt. #44 at p. 6). In its Response, the United States states that:

> The Government will agree to an Order modifying the language in the [Enforcement Order] to permit the Trubenbachs to obtain a mortgage secured by the Property, on terms consented to by the United States, to fully pay the balance due on the Judgment; if and only if they produce to the Government their loan application showing they have applied for a loan to full pay the Judgment balance, as well a commitment letter from their lender allowing the Trubenbachs to borrow the full balance due on the Judgment.

(Dkt. #47 at p. 7). The Response also asks the Court to adopt the United States' proposed Order "allowing the Trubenbachs to mortgage the Property to full pay to the United States the balance

due on the Judgment" (Dkt. #47 at p. 9). The United States' Proposed Order modifies the Enforcement Order to "allow the Trubenbachs to mortgage the Property . . . as stated in the Response" (Dkt. #47-1 at p. 1). From this, the Court concludes that the United States consents to a modification allowing the Trubenbachs to obtain a mortgage only after satisfying the conditions listed in the Response. The Court therefore modifies the Order to adopt the United States' language as it pertains to the Enforcement Order's restriction on mortgaging the Property.

Defendants also request escrow provisions related to funding and paying the Judgment (Dkt. #46 at p. 9). The Court's modification allows Defendants to obtain mortgaging on terms to be agreed to, which could include escrow provisions. Defendants do not identify terms in the Enforcement Order that prevent adoption of these provisions, nor do they identify a legal basis for implementing this modification. For these reasons, this requested relief should be denied.

**II. Request for Stay**

Defendants seek a forty-five day stay of enforcement of the Enforcement Order (Dkt. #46 at p. 1). "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." FED. R. CIV. P. 62. Pursuant to Local Rule CV-62(a), Defendants must post bond to stay execution unless otherwise ordered. Local Rule CV-62(a). Defendants appear to suggest that the Property itself can function as security (Dkt. #48 at p. 3). The Court is doubtful that the very property the United States seeks to recover through the Enforcement Order can function as security to delay enforcement of the Court's Enforcement Order.

More critically, Defendants have not indicated any legal basis for a stay. Defendants cite to their son's burial on the property and their assertion that potential financing may allow them to satisfy the Judgment without foreclosure (Dkt. #46 at p. 6). The United States continues to oppose

a stay (Dkt. #47 at p. 8). Defendants acknowledge that even if they were allowed time to obtain financing, they would not satisfy the outstanding Judgment through the financing they currently seek (Dkt. #48 at p. 3). Defendants have not indicated an intent to appeal. Defendant identifies no legitimate basis for a stay of enforcement. The Court will not stay enforcement of a judgment without any legitimate basis when that stay is opposed. For these reasons, Defendants request for a stay should be denied.

## III. Defendants' Additional Requests

The Court will now address Defendants' additional requests for relief. Defendants request payoff and reconciliation instructions from the United States if the stay is granted (Dkt. #46 at p. 8). Defendants cite to no basis for the Court to require the United States to provide instructions or an accounting of payments made toward the Judgment (Dkt. #46 at p. 3). The Court denies the stay. For these reasons, this requested relief should be denied.

Defendants request that the Court order the United States to consider a settlement for $300,000 (Dkt. #46 at p. 5). Defendants cite to 26 U.S.C. § 7122, which pertains to compromises. However, the United States is seeking to enforce an Agreed Final Judgment through the Enforcement Order. The United States' Response makes clear that it is not considering a settlement for $300,000 (Dkt. #47 at p. 6). For these reasons, this requested relief should be denied.

Finally, Defendants request the Court "[e]nter the appropriate termination and release orders upon satisfaction" (Dkt. #46 at p. 10). As there is not yet satisfaction of the Judgment, the Court need not address this requested relief at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Emergency Joint Motion to Modify Docket No. 44 and for a 45-Day Financing Stay and Limited Mortgage Authorization (Dkt. #46) is hereby **GRANTED in part** and **DENIED in part**.

The Court's Memorandum Opinion and Order (Dkt. #44) is hereby **MODIFIED**. The Trubenbachs are permitted to obtain a mortgage secured by the Property, on terms consented to by the United States, to fully pay the balance due on the Judgment; if and only if they produce to the Government their loan application showing they have applied for a loan to full pay the Judgment balance, as well a commitment letter from their lender allowing the Trubenbachs to borrow the full balance due on the Judgment.

It is further **ORDERED** that Defendants' Emergency Joint Motion to Modify Docket No. 44 and for a 45-Day Financing Stay and Limited Mortgage Authorization (Dkt. #46) is **DENIED** as to the remainder of the requested relief.

**IT IS SO ORDERED.**

**SIGNED this 25th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE